CHARLESTON & WESTERN CAROLINA RAILWAY COMPANY *v.* VARNVILLE FURNITURE COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 273.  Argued May 12, 1915.—Decided June 1, 1915.

A state law not contrived in aid of the policies of Congress, but to enforce a policy of the State differently conceived, cannot be said to be in aid of interstate commerce.

When Congress has taken the particular subject-matter in hand, coincidence of a state statute is as ineffective as opposition, and a

state law on the same subject cannot be sustained as a help to the Federal statute because it goes farther than Congress has seen fit to go.

A state statute which is a burden on interstate commerce is not saved by calling it an exercise of police power.

Section 2573, Code of 1912, of South Carolina, imposing a penalty on carriers for failure to settle, or adjust, claims within forty days is an unconstitutional burden on interstate commerce and is also in conflict with the provisions of the Act to Regulate Commerce, as amended by the act of June 29, 1906. (Carmack Amendment.)

*Atlantic Coast Line* v. *Mazursky*, 216 U. S. 122, distinguished, as that case was decided prior to the enactment of the Carmack Amendment.

98 S. Car. 63, reversed.

THE facts, which involve the constitutionality under the commerce clause of the Federal Constitution of certain provisions of the South Carolina Civil Code of 1912 imposing penalties on carriers for failure to pay claims within a specified period, are stated in the opinion.

*Mr. F. B. Grier* for plaintiff in error:

The South Carolina Penalty Act, as construed by the Supreme Court of the State, makes the delivering carrier responsible for the delicts of the connecting carrier, resulting in loss or damage, to the lawful holder of the bill of lading, in a through shipment, although it may not as a matter of fact be the carrier at fault. *Varnville Fur. Co.* v. *C. & W. C. Ry. Co.*, 98 S. Car. 63; *Willet* v. *Railway Co.*, 66 S. Car. 477; *Dupree* v. *C. N. & L. Ry. Co.*, 98 S. Car. 468; *Eastover Mule Co.* v. *Atl. Coast Line*, 99 S. Car. 457.

The subject of the Carmack Amendment is carrier liability for loss, damage or injury to property, caused by it, or by any connecting carrier to whom the property is delivered, or over whose line it may pass. It embraces the entire subject and covers every detail of carrier liability to the lawful holder of the bill of lading, which the receiving or initial carrier is required to issue. *River-*

*side Mills* v. *Atl. Coast Line,* 219 U. S. 186; *Express Co.* v. *Croniger,* 226 U. S. 491.

The subject of the statute is carrier liability for freight overcharge, or for loss or damage to property and baggage while in possession of such common carrier. The penalty is automatic and is·imposed by the terms of the statute for a failure to pay the claim for loss or damage within the time specified by the act. It grows out of and is founded on carrier liability for loss or damage sustained by the lawful holder of the bill of lading which the act of Congress requires the carrier to issue. The subject-matter of the act as to the fundamental and only real question involved is identical with the subject-matter of the act of Congress. Civil Code 1912, §§ 2572, 2573.

The State has no inherent power to deal with this subject. Its power is permissive only and dependent upon non-action by Congress, and ceases to exist the moment that Congress asserts its paramount authority over the subject, which is of national scope and importance, and permitting of but one uniform system of regulations. *Mo., Kan. & Tex. Ry.* v. *Harris,* 234 U. S. 412; *Southern Ry.* v. *Reid,* 222 U. S. 424; *Chicago, R. I. & P. Ry.* v. *Hardwick Elevator Co.,* 226 U. S. 426; *Express Co.* v. *Croniger,* 226 U. S. 491; *Chicago, R. I. & P. Ry.* v. *Cramer,* 232 U. S. 490; *Atchison, T. & S. F. Ry.* v. *Robinson,* 233 U. S. 173.

The statute was upheld on the theory that there was no Federal legislation on the subject involved. The decisions held that the penalty imposed was for a·delict of duty pertaining to the business of a common carrier, and in so far as it affected interstate commerce was an aid thereto by its tendency to promote safe and prompt delivery of the goods, or, its legal equivalent, prompt settlement of proper claim for damages.

The cause of action in *Charles* v. *Atlantic Coast Line,* 78 S. Car. 36; *Atlantic Coast Line* v. *Mazursky,* 216 U. S. 122, arose in 1905, and since then Congress has

legislated on the subject. Hepburn Act, June 26, 1906, and the Mann-Elkins Act, June 18, 1910.

The Hepburn Act has been construed by this court to deny to the State the power of enforcing by statutory penalties the duty of receiving and prompt delivery of property in consummation of interstate transportation. *St. Louis, I. M. & S. Ry.* v. *Edwards*, 227 U. S. 265; *Chicago, R. I. & P. Ry.* v. *Hardwick Elevator Co.*, 226 U. S. 426; *Southern Ry.* v. *Reid*, 222 U. S. 424.

The Interstate Commerce Commission, pursuant to the powers conferred on it by the Commerce Act, has assumed the regulation of the payment of claims for loss or damage and for overcharge of freight by carriers. Action by Congress or the Commission supersedes and annuls state regulation. *Northern Pac. Ry.* v. *Washington*, 222 U. S. 370; *Southern Ry.* v. *Reid*, 222 U. S. 424; *Southern Ry.* v. *Reid & Beam*, 222 U. S. 444; Conference Ruling No. 462, April 25, 1914; No. 464, May 28, 1914; Conference Ruling No. 236.

Congress has legislated specifically with reference to freight overcharge, and the Interstate Commerce Commission under its delegated powers has assumd control of the subject. Sections 2, 8 and 9 of the act to regulate commerce. See Barnes Int. Transp., 600, § 405–D and p. 600, § 405–J; *Lanning-Harris Co.* v. *St. L. & S. F. Ry.*, 15 I. C. C. 37; *Leonard* v. *N. K. T. R.*, 12 I. C. C. 538.

No appearance for defendant in error.

Mr. Justice Holmes delivered the opinion of the court.

This is an action for $14.75, damage to furniture in transit from High Point, North Carolina, to Varnville, South Carolina, $4.60 overcharge, and $50 penalty under

a South Carolina statute, Civil Code, 1912, § 2573, for a failure to pay the claims within forty days.  The defendant contended that the law imposing the penalty was invalid under the Act to Regulate Commerce, especially § 20, as amended by the act of June 29, 1906, c. 3591, 34 Stat. 584, 593, known as the Carmack Amendment.  The lower courts gave judgment for the plaintiff and the judgment was affirmed by the Supreme Court of the State.  *Atlantic Coast Line* v. *Mazursky*, 216 U. S. 122, was relied upon as still sustaining the law notwithstanding the amendments of the Federal act.  98 S. Car. 63.

The defendant (plaintiff in error), received the goods from the Southern Railway Company and delivered them in damaged condition.  Where the damage was done does not appear.  But by § 2572, in such cases the initial, intermediate, or terminal carrier who fails within forty days from notice to inform the notifying party when, where and by which carrier the property was damaged is made liable for the amount of the claim and a penalty of $50, although it may escape by proof that it used due diligence and was unable to trace the property, etc.  By § 2573 a similar liability is imposed on carriers for failure to pay claims for freight overcharge or damage to property while in the possession of such carriers, 'within forty days in case of shipments from without the State, after the filing of such claim' &c.  If the property never came into their possession they are remitted to § 2572.  It seems to follow from the decision in this case, that the terminal carrier is held for a loss anywhere along the line and for the penalty, unless it proves that the property never came into its possession, &c., or succeeds in shifting the loss within the forty days allowed.  Therefore the assumption of this court in *Atlantic Coast Line* v. *Mazursky*, 216 U. S. 122, 129, that the statute only concerned property lost or damaged while in the possession of a

carrier in South Carolina no longer is correct—perhaps because of amendments in what now is § 2572.

It is true that in the opinion of the Supreme Court the judgment is spoken of as being for damage done to a shipment 'while in defendant's possession in this State,' and it is said that the statute limits the liability to such damage. But in view of the record this can mean no more than that there is a presumption that the carrier that fails on notice to point out some other as responsible is itself in fault. The defendant happened to be the last carrier of the line, and in many States, including South Carolina, a so-called presumption has been established at common law that property starting in good condition remained so until the latest moment when it could have been harmed. But while this seems to have made its first appearance in the guise of a true presumption of fact, it became, if it was not always, a rule of substantive law, a rule of convenience, calling on the last carrier to explain. *Willett* v. *Southern Ry.*, 66 S. Car. 477, 479. *Moore* v. *N. Y., New Haven & Hartford R. R.*, 173 Massachusetts, 335, 337. The rule is stated as a rule of policy in South Carolina, and the statute makes it still more clearly so, since with the limits that we have stated, it applies indifferently to any carrier in the line, if within the State, according to the accident of the plaintiff's demand. The case then, we repeat, is that a carrier in interstate commerce has been held liable for a loss not shown to have happened while the goods were in its possession or within the State, or to have been caused by it, if those facts are now in any way material, on the strength of a rule of substantive law.

The claims dealt with in *Atlantic Coast Line Co.* v. *Mazursky*, 216 U. S. 122, all arose before June 29, 1906, the date of the Carmack Amendment. The South Carolina law has been amended and enlarged in scope since that decision but it is less necessary to scrutinize those changes

than to consider the modifications of the United States law.' As it now stands that law requires the initial carrier to issue a through bill of lading and makes it liable for all damage anywhere on the route. § 20. By § 1 as amended by the act of June 18, 1910, § 7, c. 309, 36 Stat. 539, 546, it is made the duty of carriers to secure the safe transportation and delivery of property subject to the act, upon reasonable terms. As was said in *Missouri, Kans. & Tex. Ry. Co.* v. *Harris*, 234 U. S. 412, 420, the result of many recent cases, there cited, beginning with *Adams Express Co.* v. *Croninger*, 226 U. S. 491 and coming down through *Boston & Maine R. R.* v. *Hooker*, 233 U. S. 97, is that 'the special regulations and policies of particular States upon the subject of the carrier's liability for loss or damage to interstate shipments and the contracts of carriers with respect thereto, have been superseded.' It is true that in that case the inclusion of the attorney's fee not exceeding $20 in the costs upon judgments for certain small claims was upheld although incidentally including some claims arising out of interstate commerce. But apart from the effect being only incidental the ground relied upon was that the statute did not 'in anywise enlarge  .  .  .  the responsibility of the carrier' for loss or 'at all affect the ground of recovery, or the measure of recovery,' pp. 420, 422. The South Carolina Act, on the other hand extends the liability to losses on other roads in other jurisdictions and increases it by a fine difficult to escape. It overlaps the Federal act in respect of the subjects, the grounds, and the extent of liability for loss. We leave on one side the remote analogies put forward in the decision of the state Court as in our opinion the cases and principle to which we have referred are sufficient and direct. We should add that the item for overcharges also falls under the act of Congress, § 2, as it now stands, since that section makes the receiving of greater compensation than is received from others for similar services an unjust and unlawful dis-

crimination. The penalty, the only matter that we are considering, was exacted for a failure to pay both claims, within forty days, irrespective of the question whether adequate investigation had been possible, as required by the Interstate Commerce Commission's rulings, Nos. 462, 236 and 68.

It is suggested that the act is in aid of interstate commerce. The state law was not contrived in aid of the policy of Congress, but to enforce a state policy differently conceived; and the fine of $50 is enough to constitute a burden. *Southern Ry.* v. *Reid,* 222 U. S. 424, 443. But that is immaterial. When Congress has taken the particular subject-matter in hand coincidence is as ineffective as opposition, and a state law is not to be declared a help because it attempts to go farther than Congress has seen fit to go. *Chicago, Rock Island & Pacific Ry.* v. *Hardwick Elevator Co.,* 226 U. S. 426, 435. *Southern Railway* v. *Indiana Railroad Commission,* 236 U. S. 439, 446, 447. The legislation is not saved by calling it an exercise of the police power, or by the proviso in the Carmack Amendment saving the rights of holders of bills of lading under existing law. *Adams Express Co.* v. *Croninger,* 226 U. S. 491, 506, 507.

*Judgment reversed.*