9157

## SPENCE v. SOUTHERN RY. CO.

### (85 S. E. 1058.)

COMMERCE. STATE REGULATION. OVERCHARGE FOR FREIGHT. ADJUSTMENT OF CLAIM.—The penalty prescribed by Civil Code 1912, sec. 2573, for failure to adjust claims for overcharge on freight within a specified time is inapplicable to interstate shipments.

Before MOORE, J., Chester, July, 1914. Reversed *nisi*.

Action by William Spence against Southern Railway Company. From judgment for plaintiff, defendant appeals.

*Messrs. J. L. Hemphill* and *B. L. Abney,* for appellant, submit: *Remedies provided by act of Congress exclusive:* 74 S. C. 981; 112 Fed. 823; 15 I. C. C. 37; Barnes' Transportation 608; 226 U. S. 491; 98 S. C. 470.

*Messrs. Marion & Marion,* for respondent, submit: *Exception too general:* 48 S. C. 323; 46 S. C. 17; 49 S. C. 304; 88 S. C. 80; 63 S. C. 529; 78 S. C. 519; 65 S. C. 242. *No conflict between State and Federal statutes:* 222 U. S. 436; 98 S. C. 63; 225 U. S. 501; 187 U. S. 148.

August 12, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff recovered judgment in a magistrate's Court for $6.20, an admitted overcharge in the rate on an interstate shipment, and $50.00, the penalty provided by statute (Civil Code 1912, vol. I, sec. 2573) for failure to pay the claim therefor within the time prescribed. The Circuit Court affirmed the judgment.

Since the trial on Circuit the Supreme Court of the United States has held that the penalty statute is void as applied to interstate commerce. *Charleston & W. C. Ry. Co.* v. *Varnville Furniture Co.,* 237 U. S. 597; 35 Sup. Ct.

715; 100 S. C. 227a. The penalty must, therefore, be remitted. If this is done within twenty days after notice of the filing of the remittitur, the judgment will stand affirmed; otherwise a new trial is ordered.

Reversed *nisi.*