Louisville & Nashville Railroad Company *v.* Price.

[71 South. 161.]

Commerce. *Interstate commerce. Application of state laws.*

Code 1906, section 4853, providing that if a common carrier receive freight from another carrier on a contract for continuous carriage, and it arrived at the place of delivery in a broken or damaged condition, it is the duty of the last carrier to obtain and furnish to the consignee on demand true copies of all notations, exceptions, records, and memoranda entered on the books of each carrier touching the receipt, transfer and handling of the freight, and that if it shall not furnish such copies within thirty days after demand it shall be presumed to have caused the damage, is superseded in so far as interstate shipments are concerned by the Carmack Amendment (Act. Cong. June' 29, 1906, chapter 3591, section 7, pars 11-12, 34 Stat. 595; U. S. Comp. St. 1913, sections 85–92); and in a suit against the delivering carrier for damage to an interstate shipment, the delivering carrier should be permitted to show that from the time of the delivery of the freight to it until it had delivered it to the consignee, it had handled the freight carefully and in every respect without damage or injury and that it had delivered the freight in the same condition in which it had been received from the transfer company.

APPEAL from the circuit court of Harrison county.
HON. J. J. BALLENGER, Judge.

Suit by Mrs. W. E. Price against the Louisville &
Nashville railroad company. From a judgment for plain-
tiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Gregory L. Smith, J. W. Goldsby* and *H. Bloomfield,*
for appellant.

*Dodds & Montgomery,* for appellee.

POTTER, J., delivered the opinion of the court.

This was a suit brought in the circuit court of Harrison
county, Miss., by Mrs. W. E. Price, the appellee, against
the Louisville & Nashville Railroad Company, the appel-
lant, to recover damages for injury to certain household
furniture, chinaware, and other effects shipped by her
from Faunsdale, Ala., to Biloxi, Miss.; the same being
consigned by appellee to herself.

The shipment in question originated at Faunsdale,
Ala., a station on the Southern Railway, was carried over
the Southern Railway from Faunsdale to Mobile, Ala.,
and was there delivered to the Osborne Transfer Com-
pany of Mobile, an independent carrier having no con-
nection with the Louisville & Nashville Railroad, and by
the transfer company to the depot of the appellant in
Mobile, Ala., the distance between the two depots being
about a mile and a half. The goods were received by the
Southern Railway at Faunsdale in good order, except
as was noted upon the bills of lading. The shipment was
made under through bills of lading issued by the Southern
Railway Company from Faunsdale, Ala., to Biloxi, Miss.,
and was therefore an interstate shipment, the Southern
Railway Company being the initial carrier and the Louis-
ville & Nashville Railroad Company the delivering car-
rier. In the trial of the case the plaintiff showed that

the freight was delivered to the Southern Railway Company in good order, and that she made proper demands under section 4853 of the Code of Mississippi of 1906, for true copies of all notations, exceptions, records, and memoranda entered on the books of each carrier touching the receipt and handling of the freight while in transit, and claimed that her demand for such information was ignored. The appellant offered to prove on the trial of the cause that from the time of the delivery of the freight in question to it to the time of delivery to appellee at Biloxi, Miss., that it had handled the freight carefully and in every respect without damage or injury to the freight, and alleged that it delivered the freight to the appellee in the same condition it had received same from the transfer company; but the trial court refused to permit the introduction of this testimony, holding in effect that having failed to comply with the provisions of section 4853 of the Code of Mississippi of 1906 to obtain and furnish to the consignee, demand having been made, true copies of all notations, exceptions, records, and memoranda entered on the books of each carrier touching the receipt, transfer, and handling of said freight while in transit, that the appellant was conclusively presumed to have done the damage complained of.

Section 4853 of the Code of 1906 is superseded, in so far as interstate shipments are concerned, by the Carmack Amendment. *Charleston & Western Carolina Railway Co.* v. *Varnville Furniture Company,* 237 U. S. 597, 35 Sup. Ct. 715, 59 L. Ed. 1137.

It was therefore error to exclude the testimony offered.

*Reversed and remanded.*