(85 South. 625)

No. 24134.

## HENDERSON v. KANSAS CITY SOUTHERN RY. CO.

(June 30, 1920.)

*(Syllabus by Editorial Staff.)*

Carriers ⬅185(1)—Delivering carrier not liable for damage on proof of delivery to initial carrier under Carmack Amendment.

The common-law rule that a delivering carrier of an interstate shipment shall be liable for injury to freight delivered in a damaged condition on proof merely that the goods were delivered to the initial carrier, another railroad in another state, in good condition, and without proof that the damage or injury occurred on the line of the delivering carrier, has been superseded by the Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa).

Case Certified from Court of Appeal, Second Circuit.

Action by W. K. Henderson against the Kansas City Southern Railway Company. Judgment for plaintiff was annulled on defendant's appeal to the Court of Appeal, and judgment rendered for defendant. A rehearing was granted on plaintiff's application, and questions certified to Supreme Court for instructions. Remanded, with instruction to render judgment of nonsuit.

Blanchard, Goldstein & Walker, of Shreveport, for plaintiff.

O'NIELL, J. The judges of the Court of Appeal, proceeding under article 101 of the Constitution, apply for instruction on the following question, viz.:

Have the federal statutes regulating interstate commerce, especially section 20 (24 Stat. at L. 386, c. 104), as amended by Act June 29, 1906, c. 3591, 34 Stat. at L. 584, 595, Comp. Stat. 1913, §§ 8563, 8592 (Comp. St. 1916 or 1918, §§ 8604a, 8604aa), known as the Carmack Amendment, superseded and abolished the rule of law or of evidence, heretofore prevailing in Louisiana and in most of the common-law states, that a delivering carrier of an interstate shipment shall be liable for injury to freight delivered in a damaged condition, upon proof merely that the goods were delivered to the initial carrier, another railroad in another state, in good condition, and without proof that the injury or damage occurred on the line of the delivering carrier?

There is no dispute about the facts from which this question of law arises. Plaintiff received at Shreveport, La., a carload of automobiles, shipped by the Chandler Motor Car Company, in Cleveland, Ohio, and delivered to the initial carrier, the Baltimore & Ohio Railway Company, in good condition and well packed, in a sealed car. The sealed car was delivered by the initial carrier to the Kansas City Southern Railway Company, at Kansas City, Mo., and was transported by the Kansas City Southern Railway Company, over its line to Shreveport, and delivered to plaintiff, yet sealed. When the car was opened, it was discovered that the automobiles were damaged to the extent of $735.04. The shipment was handled with due care by the delivering carrier, from the time the sealed car came into its possession until it was delivered to the consignee. Plaintiff sued the delivering carrier for the damage; and the district court, on proof merely of the facts heretofore stated, held the delivering carrier liable. There was no evidence tending to show whether the damage occurred while the car was in the possession of the initial carrier, or while it was in possession of the delivering carrier; the proof being merely that the damage occurred after the sealed car was delivered by the shipper

to the initial carrier, and before it was delivered by the delivering carrier to the consignee.

The district court, therefore, based its judgment merely upon the doctrine that, on proof that the freight was delivered to the initial carrier in good condition and was delivered by the terminal carrier in a damaged condition, the presumption is that the damage occurred on the line of the delivering carrier.

On appeal to the Court of Appeal, the judgment of the district court was annulled, and judgment was rendered in favor of defendant. On application of plaintiff, a rehearing was granted, and the question of law was then certified to this court for instruction.

This court held, in the case of Duvall v. Louisiana Western Railway Co., 135 La. 189, 65 South. 104, that the Carmack Amendment, imposing liability on an initial carrier for loss of goods, or damage to freight, occurring anywhere on the through route, did not abrogate the rule of evidence that freight received in good order by the initial carrier is presumed to have been received in like good order by the succeeding carrier, and that a delivery of freight by the terminal carrier in a damaged condition raises a presumption that the damage occurred on the delivering carrier's line.

Since that decision was rendered, however, the Supreme Court of the United States has ruled otherwise. In the case of Charleston & Western Carolina Railway Co. v. Varnville Furniture Co., 237 U. S. 597, 35 Sup. Ct. 715, 59 L. Ed. 1137, Ann. Cas. 1916D, 333, it was held that Congress had, by the Carmack Amendment, so far taken over the subject of a carrier's liability for damage to interstate shipments as to invalidate the provisions of the South Carolina Civil Code, in so far as those provisions had undertaken to subject a terminal carrier to a penalty for failure to pay promptly a claim for damage

to an interstate shipment, no matter where the loss had occurred, and unless the carrier proved that the damage did not occur while the goods were in its possession, or succeeded, within the 40 days allowed by the statute, in shifting the loss by giving notice as to when, where, and by which carrier the property was damaged, or by showing that it, the delivering carrier, used due diligence, but was unable to discover where the damage occurred.

It is true the Supreme Court of the United States, in the case cited, was dealing mainly, if not only, with the penalty or burden imposed by the South Carolina statute, but in disposing of the question of validity of the statute the court considered and decided the identical question which is now presented. That is made manifest by the following excerpts from the opinion delivered by Mr. Justice Holmes, viz.:

"In many states, including South Carolina, a so-called presumption has been established at common law that property starting in good condition remained so until the latest moment when it could have been harmed. But while this seems to have made its first appearance in the guise of a true presumption of fact, it became, if it was not always, a rule of substantive law, a rule of convenience, calling on the last carrier to explain. * * * The case then, we repeat, is that a carrier in interstate commerce has been held liable for a loss not shown to have happened while the goods were in its possession or within the state, or to have been, caused by it, if those facts are now in any way material, on the strength of a rule of substantive law."

Referring then to the federal law regulating the liability of carriers for damage to interstate shipments of freight, and referring particularly to the Carmack Amendment, it was said:

"As it now stands 'that law requires the initial carrier to issue a through bill of lading and makes it liable for all damage anywhere on the route. § 20. By § 1, as amended by Act June 18, 1910, c. 309, § 7, 36 Stat. at

L. 539, 546 [Comp. Stat. 1913, § 8563], it is made the duty of carriers to secure the safe transportation and delivery of property subject to the act, upon reasonable terms. As was said in Mo., K. & T. R. Co. v. Harris, 234 U. S. 412, 420 [58 L. Ed. 1377, 1382, 34 Sup. Ct. Rep. 790], the result of many recent cases there cited, beginning with Adams Exp. Co. v. Croninger, 226 U. S. 491 [57 L. Ed. 314, 44 L. R. A. (N. S.) 357, 33 Sup. Ct. Rep. 148], and coming down through Boston & M. R. Co. v. Hooker, 233 U. S. 97 [58 L. Ed. 868, L. R. A. 1915B, 450, 34 Sup. Ct. Rep. 526], is that 'the special regulations and policies of particular states upon the subject of the carrier's liability for loss or damage to interstate shipments, and the contracts of carriers with respect thereto, have been superseded.' "

In response to the suggestion that the South Carolina statute was in aid of interstate commerce, it was said:

"But that is immaterial. When Congress has taken the particular subject-matter in hand coincidence is as ineffective as opposition, and a state law is not to be declared a help because it attempts to go farther than Congress has seen fit to go. * * * The legislation is not saved by calling it an exercise of the police power, or by the proviso in the Carmack Amendment saving the rights of holders of bills of lading under existing law."

The Legislature of this state, in the latest statute fixing the liability of public carriers for freight received and not delivered, or for damage occurring to freight in transit, has recognized that the authority of Congress, with regard to interstate shipments, is paramount, and that, when Congress exercised its authority upon the subject, the state's authority ceased. Act No. 80 of 1914 (p. 196), amending and re-enacting section 1 of Act 182 of 1908, which, in turn, had amended and re-enacted section 1 of Act 93 of 1888, imposing liability upon public carriers doing business in this state, for failure to deliver freight received by them, or for damages occurring to freight in transit, expressly exempts from the operation of the law, "freight received in sealed cars from other roads outside of the state." The statute, beyond conferring jurisdiction

upon the court at the place of delivery of freight, is merely an embodiment of the common-law rule or presumption. And the express reservation or exception, with regard to freight received in sealed cars from other roads outside of this state, is a plain implication or recognition that the common-law rule cannot prevail over the acts of Congress with regard to interstate shipments.

Though the decision in Duvall v. Louisiana Western Ry. Co., 135 La. 189, 65 South. 104, is not now correct and must be overruled, it is gratifying to note that no injustice resulted from the decision, because on the facts of the case the delivering carrier was held not liable for damage to the freight. See report of the same case, 136 La. 526, 67 South. 354.

The defendant in this case cannot be held liable, on a presumption of law, or without proof as a fact, that the damage occurred while the freight was in defendant's possession.

Our answer to the question propounded by the Court of Appeal is that the common-law presumption or rule of evidence theretofore prevailing was superseded by the Carmack Amendment.

It is therefore ordered that this case be remanded to the Court of Appeal, with instruction to render a judgment of nonsuit against the plaintiff.