(86 South. 524)

**HINES, Director General of Railroads, v. CABANISS. (8 Div. 277.)**

(Supreme Court of Alabama. Oct. 14, 1920.)

**Commerce ⬦61(1)—State statute invalid, as imposing restriction on interstate commerce.**

Code 1907, § 5517, imposing a penalty on a carrier for nonpayment of damages for loss of goods within a specified time, is invalid as an interference with interstate commerce, which, in so far as the loss of goods is concerned, is regulated by Carmack Amendment (U. S. Comp. St. §§ 8604a, 8604aa).

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Action by George O. Cabaniss against Walker D. Hines, Director General of Railroads, operating the Southern Railway Company, for damages for failure to deliver certain baggage. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under Acts 1911, p. 450, § 6. Reversed and remanded conditionally.

It is not disputed by the plaintiff and the defendant that the goods were delivered at Columbia, S. C., consigned to plaintiff at Sheffield, Ala., and that they were lost; that written demand, with verified account, was made by plaintiff upon defendant; and that the account was not paid. Defendant con-

tends that plaintiff was entitled to recover for the value of the goods lost, with interest, and plaintiff contended that he was entitled to recover 1½ times the amount of the damages, with interest.

A. H. Carmichael, of Tuscumbia, for appellant.

The shipment was governed by interstate commerce, and therefore fell within the Carmack Amendment. No more than the actual value of the goods with interest could be recovered. 237 U. S. 597, 35 Sup. Ct. 715, 59 L. Ed. 1137, Ann. Cas. 1916D, 333; 234 U. S. 412, 34 Sup. Ct. 790, 58 L. Ed. 1377, L. R. A. 1915E, 942; 227 U. S. 1, 33 Sup. Ct. 213, 57 L. Ed. 389; 227 U. S. 265, 33 Sup. Ct. 262, 57 L. Ed. 506; 216 U. S. 122, 30 Sup. Ct. 378, 54 L. Ed. 411.

Joseph H. Nathan, of Sheffield, for appellee.

No brief reached the reporter.

SOMERVILLE, J. The action is for damages for nondelivery of plaintiff's trunk, in transit from South Carolina to Alabama. The value of the trunk and contents is placed at $109, and plaintiff claims, under section 5517 of the Code, 1½ times the amount of his actual damages, or $163.50.

The damages allowed by section 5517 in excess of actual damages are by way of a penalty upon the carrier for nonpayment of actual damages within 60 days after the plaintiff's presentation to the carrier of an itemized and verified claim therefor. The carriage of the trunk in this case being interstate commerce, damages in relation thereto are governed exclusively by the provisions of the federal "Act to Regulate Commerce," especially that part thereof known as the Carmack Amendment of June 29, 1906. 34 Stat. 584, 595 (U. S. Comp. St. §§ 8604a, 8604aa).

The specific question here involved was decided in Ch. & Car. R. R. Co. v. Varnville Co., 237 U. S. 597, 35 Sup. Ct. 715, 59 L. Ed. 1137, Ann. Cas. 1916D, 333, wherein it was held that a South Carolina statute imposing a penalty upon the carrier as damages for nonpayment of claims within 40 days was not only an unlawful burden on interstate commerce, but was also in conflict with the Carmack Amendment, which prescribes and regulates the damages recoverable. See, also, M., K. & T. Ry. Co. v. Harris, 234 U. S. 412, 34 Sup. Ct. 790, 58 L. Ed. 1377, L. R. A. 1915E, 942, where many cases are reviewed. It follows that the trial court erred in refusing to instruct the jury, as requested by defendant, that the penalty in question is not recoverable in this case.

It appears that this penalty was included by the jury in the verdict, and entered into the judgment, which is infected with error only to that extent. If the plaintiff shall en-

ter a remittitur in this court within 30 days for an amount equal to one-third of the judgment rendered, so as to purge it of this illegal constituent, the judgment will be corrected and affirmed at the cost of appellee. Otherwise, it will be reversed, and the cause remanded for another trial.

Reversed and remanded conditionally.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.