CULPEPPER, Judge.
This is a suit for damages for the nondelivery of a drum of chemicals, together with a penalty of $50 for the defendant carrier’s failure to pay the claim within 60 days, as required by LSA-45:1097, 1098.
The plaintiff, Bohrer Chemical Company, Inc., a Louisiana corporation domiciled in Abbeville, Louisiana, was the consignee of a shipment of chemicals by Vulcan Materials Company from Kansas City, Missouri. The shipment was “one drum short.” Defendant is SAIA Motor Freight Lines, Inc., a Louisiana corporation domiciled in Houma, Louisiana, which undertook to deliver the shipment from New Iberia to the plaintiff in Abbeville. Defendant deposited in the registry of the court the sum of $91.36, representing the value of the drum of chemicals. However, defendant denies liability for the penalty of $50 on the grounds that the State Statute under which the penalty is claimed is unenforceable, since this was an interstate shipment as to which the limitation of liability of the carrier is controlled exclusively by Federal Statutes. The district judge awarded to plaintiff the value of the drum plus the penalty. Defendant appealed.
In our view, the case of Charleston & Western Carolina Railway Company v. Varnville Furniture Company, 237 U.S. 597, 35 S.Ct. 715, 59 L.Ed. 137, decided by the U. S. Supreme Court in 1915, is controlling here. In that case, plaintiff claimed $14.75 as damages to furniture that was shipped from North Carolina to South Carolina, and a penalty of $50 under South Carolina Civil Code of 1912, Section 2573, for failure of the defendant to pay the claim within 40 days. The South Carolina Supreme Court upheld the decision of the trial court awarding the statutory penalty of $50. The U. S. Supreme Court reversed, holding that State Statutes, on the subject of the carrier’s liability for loss or damage *651 to interstate shipments, have been superseded by Congressional Acts. The court said:
“The state law was not contrived in aid of the policy of Congress, but to enforce a state policy differently conceived; and the fine of $50 is enough to constitute a burden. Southern R. Co. v. Reid, 222 U.S. 424, 443, 32 S.Ct. 140, 56 L.Ed. 257, 262. But that is immaterial. When Congress has taken the particular subject-matter in hand, coincidence is as ineffective as opposition, and a state law is not to be declared a help because it attempts to go farther than Congress has seen fit to go.”
Counsel have not cited, nor have we found, a Louisiana case directly in point. However, the jurisprudence from other states appears to uniformly support defendant’s position. For instance, the court in Hines v. Cabaniss, 204 Ala. 527, 86 So. 524 (1920) held:
“The damages allowed by section 5517 in excess of actual damages are by way of a penalty upon the carrier for nonpayment of actual damages within 60 days after the plaintiff’s presentation to the carrier of an itemized and verified claim therefor. The carriage of the trunk in this case being interstate commerce, damages in relation thereto are governed exclusively by the provisions of the federal ‘Act to Regulate Commerce,’ especially that part thereof known as the Carmack Amendment of June 29, 1906. 34 Stat. 584, 595 (U.S.Comp.St., §§ 8604a, 8604aa).
“The specific question here involved was decided in Charleston & Western Carolina R.R. Co. v. Varnville Furniture Co., 237 U.S. 597, 35 S.Ct. 715, 59 LEd. 1137. Ann.Cas. 1916D, 333, wherein it was held that a South Carolina statute imposing a penalty of claims within 40 days was not only an unlawful burden on interstate commerce, but was also in conflict with the Carmack Amendment, which prescribes and regulates the damages recoverable.”
The Federal Statute regulating the limit of liability of carriers for interstate shipments is found in Title 49 U.S.C.A. Sec. 20, par. (11). Several cases annotated there under Note 50 support defendant’s position. See also 15 C.J.S. Verbo Commerce § 92(2), pp. 714-719.
For the reasons assigned, the judgment appealed is amended so as to deny plaintiff’s claim for the penalty of $50. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against plaintiff appellee.
Affirmed, as amended.