**Catherine COUGHLIN, Plaintiff,**

v.

**UNITED VAN LINES, LLC, and Does 1–50, Defendants.**

**No. CV 0410576 R (MANX).**

United States District Court, C.D. California.

March 7, 2005.

Bruce N. Graham, Graham and Associates, Calabasas, CA, for Catherine Coughlin, Plaintiff.

Amy W. Lewis, Stone Rosenblatt & Cha, Cheryl L. De Leon, Stone Rosenblatt and Cha, Gregg S. Garfinkel, Stone Rosenblatt and Cha, Encino, CA, for United Van Lines LLC, Does 1–50, Defendants.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS DUE TO FAILURE TO STATE FACTS UPON WHICH RELIEF MAY BE GRANTED

REAL, District Judge.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## I. INTRODUCTION

Before this Court is the February 22, 2005 Motion to Dismiss filed by Defendant, United Van Lines, LLC ("United"). The Court has considered the Motion, the Opposition filed by Plaintiff, Catherine Coughlin ("Plaintiff"), United's Reply, and and oral argument[1] by the parties and finds that the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. Section 14706) preempts the state law claims alleged in Plaintiff's Complaint and, therefore, grants United's Motion to Dismiss.

## II. FACTUAL BACKGROUND

Plaintiff contracted with United to transport certain of her household goods and effects from Melrose, Massachusetts, to Thousand Oaks, California. United is a motor carrier of household goods, acting pursuant to the authority of the Surface Transportation Board and the ICC Termination Act of 1995 (49 U.S.C. Section 13101, et. seq.)

Plaintiff alleges that certain of her household goods were damaged incident to the interstate transportation of same. Plaintiff's Complaint alleges causes of action for breach of contract and negligence against United. Both of these causes of action are premised on California State law.

United's Motion seeks the dismissal of Plaintiff's state law claims on the ground that they are both preempted by the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. Section 14706).

## III. STANDARD OF REVIEW.

In reviewing a Rule 12(b)(6) motion, the Court must accept as true all material allegations in the complaint, as well as all inferences reasonably drawn therefrom. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "The Court does not, however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in Plaintiff's Complaint." *Arnell v. Mayflower Transit, Inc.*, 968 F.Supp. 521, 522 (D.Nev.1997).

Therefore, the issue before this Court in deciding United's Motion to Dismiss is whether "it appears beyond a doubt" that the Carmack Amendment entitles United to a dismissal of Plaintiff's state law claims.

## IV. THE CARMACK AMENDMENT IS PART OF A COMPREHENSIVE SCHEME DESIGNED TO BRING UNIFORM TREATMENT TO THE CARRIER–SHIPPER RELATIONSHIP.

Congress enacted the Carmack Amendment to the Interstate Commerce Act ("ICA") in 1906, in response to the chaotic disparity which resulted from the application of the multitude of different state laws to interstate shipping. The Carmack Amendment defined the parameters of carrier liability for loss and damage to goods transported under interstate bills of lading, bringing uniform treatment to the carrier-shipper relationship. The Amendment, now set forth at 49 U.S.C. Section 14706, states in relevant part:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier . . . [is] liable to the person entitled to

---

[1] While Plaintiff's counsel did not attend oral argument of this matter, the Court's ruling is based on the merits of United's Motion and Reply papers.

recover under the receipt or bill of lading. *The liability imposed under this paragraph is for the actual loss or injury to the property* ... (Emphasis added.)

Within a few years of the Carmack Amendment's passage, the United States Supreme Court addressed its dual goals of uniformity and preemptive scope. In the seminal case of *Adams Express Co. v. Croninger,* 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913), the Supreme Court defined Carmack preemption in the broadest terms:

Almost every detail of the subject [interstate common carriers] is covered so completely that there can be no rational doubt but that congress intended to take possession of the subject, and supersede all state regulations with reference to it ... *Id.* at 505–06, 33 S.Ct. 148.

*Adams Express* held that claims arising out of loss or damage to property transported in interstate commerce are governed by the Carmack Amendment and that *all* state law and common law claims are preempted. The Court explained the primary objective of the statute is the establishment of a uniform national policy governing liability of interstate carriers.

[T]his branch of interstate commerce was being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own state, or a carrier whose lines were extensive, to know, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to the goods delivered to it for transportation form one state to another. The congressional action has made an end to this diversity ... *Id.* at 505, 33 S.Ct. 148.

Three years later, the Supreme Court reaffirmed *Adams Express* in *Georgia, Florida and Alabama Ry. Co. v. Blish Milling Co.,* 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948 (1916). *Blish Milling* held that the Carmack Amendment is "comprehensive enough to embrace responsibility *for all losses* resulting from *any* failure to discharge a carrier's duty as to *any part* of the agreed transportation ...." 241 U.S. at 196, 36 S.Ct. 541. (Emphasis added.)

Each succeeding Supreme Court decision interpreting the scope of Carmack had repeated the principles enunciated in *Adams Express* and *Blish Milling;* the comprehensiveness of application and uniformity of treatment regardless of state laws. *Charleston & Western Carolina Ry. Co. v. Varnville Furniture Co.* 237 U.S. 597, 35 S.Ct. 715, 59 L.Ed. 1137 (1915) (holding that preemption applies not only to state law claims which directly contradict the procedures or remedies set out in Carmack, but also encompasses state causes of action which supplement Carmack relief); *Atchison T. & S.F. Ry. v. Harold,* 241 U.S. 371, 378, 36 S.Ct. 665, 60 L.Ed. 1050 (1916).

## V. PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT AND NEGLIGENCE ARE PREEMPTED BY CARMACK

■ All Circuit Courts of Appeal, including the Ninth Circuit, have held that Carmack's broad scope preempts all state law claims, whether they contradict or supplement Carmack remedies. *Hughes Aircraft v. North American Van Lines* 970 F.2d 609, 613 (9th Cir.1992) ("Hughes [the shipper] wisely concede[d] that federal law preempts any state common law action against ... a common carrier."); *Intech v. Consolidated Freightways,* 836 F.2d 672 (1st Cir.1987); *Cleveland v. Beltman North American Van Lines Co. Inc.* 30

F.3d 373, 379 (2nd Cir.1994) (Carmack preempted federal common law claim for punitive damages based upon bad faith claims handling); *Howe v. Allied Van Lines, Inc.,* 622 F.2d 1147 (3rd Cir.1980)(Carmack supercedes state law on interstate shipment and rate thereof) *Shao v. Link Cargo (Taiwan) Limited* 986 F.2d 700, 706–707 (4th Cir.1993) ("[I]f the Interstate Commerce Commission had jurisdiction over the shipment in this case, Shao's common law claims are preempted by the Carmack Amendment"); *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 778 (5th Cir.2003)("Congress intended Carmack Amendment to provide the exclusive cause of action for claims for loss or damage to goods arising from the interstate transportation of the goods"); *Moffit v. Bekins Van Lines Co.* 6 F.3d 305, 306–07 (5th Cir.1993) (Carmack Amendment preempted claims of misrepresentations, fraud, gross negligence, intentional infliction of emotional distress and violation of Texas Deceptive Trade Practices Act); *W.D. Lawson & Company v. Penn. Central Company,* 456 F.2d 419, 421 (6th Cir.1972) ("As to the ... issue ... [of] whether or not the Carmack Amendment preempted common law suits ... we hold that it did"); *(Hughes v. United Van Lines* 829 F.2d 1407, 1415 (7th Cir.1987)) ("[We] hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act ...."); *Hopper Furs Inc., v. Emery Air Freight,* 749 F.2d 1261, 1264 (8th Cir.1984)("all actions against an interstate common carrier are governed by federal statute ..."); *Underwriters at Lloyds of London v. North American Van Lines,* 890 F.2d 1112, 1120 (10th Cir.1989) ("[T]he Carmack Amendment preempts state common law remedies against a carrier for negligent damage to goods shipped under a proper bill of lading.") *Smith v. United Parcel Service* 296 F.3d 1244, 1246–49 (11th Cir.2002) (Carmack preempted plaintiffs' claim for damages due to the carrier's alleged failure to provide service to the plaintiffs).

It is against this vast and pervasive backdrop that Plaintiff's state law claims must be viewed. As it is undisputed that Plaintiff seeks to recover for damages allegedly sustained incident to the interstate shipment of her goods, it is clear that Plaintiff's state law causes of action are preempted by the Carmack Amendment and are hereby dismissed.

## VI. HUNTER v. UNITED VAN LINES DOES NOT ADDRESS THE PREEMPTIVE AMBIT OF CARMACK

In her Opposition, Plaintiff argues that United is trying to "throw her out of court entirely." (Opposition, page 1, line 21). Plaintiff's argument misses the point of United's Motion to Dismiss. United does not contend that Plaintiff is without a potential remedy for the damage to her household goods and effects. Rather, United contends that Plaintiff's only possible remedy is a Carmack claim for her actual loss or damage to her property, assuming that she can satisfy the pleading requirements, and ultimately prove a prima facie case, for a Carmack claim. *See, Missouri Pacific Railroad Company v. Elmore & Stahl,* 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964) ("Plaintiff must allege three elements to establish a prima facie case under Carmack; (1) the delivery of goods to the originating carrier in good condition, (2) damage to the goods during the interstate transportation of same, and (3) the amount of damages").

Plaintiff suggests that *Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir.1984) allows certain state law claims to escape the preemptive ambit of Carmack. This suggestion is wrong. The Ninth Circuit Court of Appeals did not reach the issue of

whether the Carmack Amendment preempted the Plaintiff's state law claims. *Hunter, supra.*

In *Hunter,* the Plaintiffs filed a complaint in state court, where the household goods damage component did not exceed the $10,000 jurisdictional minimum of 28 U.S.C. Section 1337(a) and Section 1445(b). The Defendant removed the matter to federal court. Plaintiff moved to have the matter remanded to state court on the ground that the federal court lacked subject matter jurisdiction. (*Id.* at 638). The district court denied the plaintiffs' Motion for Remand, and subsequently granted partial summary judgment on the ground that Plaintiffs' state law claims were preempted by the Carmack Amendment. (*Id.*)

The Plaintiffs appealed, arguing that "the district court should have remanded the entire case to state court without considering the preemption issue because federal jurisdiction over the case was lacking." (*Id.*) The Ninth Circuit Court of Appeals agreed that the district court should not have addressed the issue of preemption. (*Id*). The Court also refused Defendant's invitation to consider whether Plaintiff's state-law claims were preempted by Carmack, finding the inquiry unnecessary to the jurisdictional question at issue therein. (*Id.,* at 644).

In the present action, we hold that Plaintiff's contention that her state law claims survive the pervasive preemptive ambit of Carmack is not supported by *Hunter,* and is conclusively rejected by subsequent decisions from this Circuit, most notably in *Hughes v. North American Van Lines, supra.*

## VII. *CONCLUSION*

Accordingly, and for good cause appearing, this Court hereby grants United's Motion to Dismiss the entirety of Plaintiff's Complaint. Plaintiff is given 15 days leave to amend to allege a claim under the Carmack Amendment for actual loss or damage to the property transported by United in interstate commerce.

IT IS SO ORDERED