### ASHE v. UNION CENT. LIFE INS. CO.

(Circuit Court, D. South Carolina. April 11, 1902.)

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—NOTICE OF APPLICATION.
   Where, in an action commenced in a state court, a petition and bond for removal to the United States circuit court exclusively on the ground of diversity of citizenship are filed, no notice of the application for removal is required to be given to the plaintiff.

2. SAME—ORDER OF REMOVAL—RIGHT TO REVIEW.
   Where, on the filing of a petition and bond for removal of an action from a state court to the United States circuit court on the ground of diversity of citizenship, the judge of the state court makes an order for such removal, the federal court has no right to review the order, and decide whether the judge had a right to sign it, especially as no order was necessary, the cause being removed ipso facto on the petition and bond being filed.

3. SAME—FOREIGN CORPORATION—PROHIBITION OF REMOVAL BY STATE LAWS.
   A corporation of one state, doing business in another state under license, cannot, by the laws of the latter state, be deprived of the right to remove to the federal courts actions against it commenced in the courts of the latter state.[1]

[1] Removal of causes as restricted by state laws, see note to Barling v. Bank of British North America, 1 C. C. A. 515.

**4. SAME — BOND—EXECUTION BY ATTORNEY — AUTHORITY— RATIFICATION—MO-**
**TION TO REMAND.**

> Where, on an application for removal of an action from a state to a federal court, the bond was executed by the attorney of defendant, who then had no power of attorney so to do, and before a motion to remand on the ground that the bond was void a power of attorney ratifying such act was filed, the motion should be denied.

At Law.

W. W. Lewis, for the motion.

Watkins & Thompson and C. E. Spencer, opposed.

SIMONTON, Circuit Judge. This case comes up on a motion to remand. The record in this case, certified by the clerk of the court of common pleas of York county, in which the cause originated, contains the following papers: The summons, complaint, order of publication, affidavit, proof of publication, proof of service, petition for removal into this court, order of removal, and bond. The bond is dated February 15, 1902, and is approved by the clerk the same day. The order of removal is dated September 17, 1901. The motion to remand is based on the following grounds:

1. No notice was given plaintiff that defendant would move the state court for an order of removal. No such notice was necessary. When the ground of removal is exclusively diversity of citizenship, the filing of the petition for removal with sufficient bond ipso facto removes the cause, the jurisdiction of the state court ceases, and that of the circuit court of the United States attaches. Kern v. Huidekoper, 103 U. S. 485, 26 L. Ed. 354; Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, 27 L. Ed. 87; Railroad Co. v. Koontze, 104 U. S. 5, 26 L. Ed. 643. If the diversity of citizenship is denied, that fact must be tried in the circuit court of the United States, and can be tried nowhere else. It is very proper to go before the state court. But, when the sole question of jurisdiction is diversity of citizenship, this court decides that question for itself. Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962; Carson v. Hyatt, 118 U. S. 279, 6 Sup. Ct. 1050, 30 L. Ed. 167; Crehore v. Railway Co., 131 U. S. 244, 9 Sup. Ct. 692, 33 L. Ed. 144.

2. Because the Honorable George W. Gage, who signed the order for removal, had no jurisdiction to sign the order, he being out of the Sixth circuit, where said cause is pending, not being in an adjoining circuit at the time he signed said order, and there being a judge presiding in the Sixth circuit at the time said order was signed as aforesaid. The order of Judge Gage is entitled: "State of South Carolina, County of York. In the Common Pleas." Full faith and credit must be given to this decree, on its face purporting to be an order of the court of common pleas for York county, signed by a circuit judge. This court has no right to sit in review of this order of the court, and decide whether or not the judge had a right to sign it. Besides this, it is immaterial, as the cause was ipso facto removed when the petition, based solely on diversity of citizenship, was filed. Taylor v. Rockafeller, Fed. Cas. No. 13,802.

3. The defendant company having been licensed to do business under the laws of South Carolina, and having accepted as part of

its policy contracts the conditions prescribed by the laws of this state as conditions precedent to its doing business in this state, the said company has waived its right for valuable consideration to remove the pending cause into the United States court. The supreme court of the United States has spoken to this very objection. Insurance Co. v. Morse, 20 Wall. 445, 22 L. Ed. 365; Railroad Co. v. Whitton, 13 Wall. 270, 20 L. Ed. 571; Doyle v. Insurance Co., 94 U. S. 535, 24 L. Ed. 148.

4. In that at the time said order of removal was passed the defendant company had not filed with its petition a valid bond as required by the laws of the United States. As has been seen, the certified record says that the bond was approved by the clerk February 15, 1902, and the order for removal is dated 17th. Plaintiff contends that the bond given by defendant on removal was void for this reason. It is signed for the defendant by Mr. Thompson, its attorney. And at the date of the bond no power of attorney to Mr. Thompson to sign for the defendant was shown. In Dennis v. Alachua Co., Fed. Cas. No. 3,791, it was held that when the plaintiff is petitioner his attorney at law can sign the bond for him. When an agent assumes to act for his principal without written or parol authority to do so, the act is not void, but voidable, for the principal can ratify the act, and the ratification relates back to the performance of the act. "Omnis ratihabitio," etc. So, when Mr. Thompson signed for his principal, his act could be repudiated or confirmed. In the record is a power of attorney to Mr. Thompson, executed by defendant, and this power of attorney in terms ratifies this act.

The motion to remand is refused.