## JOHNSTON *v.* CORNELIUS.

1. AUTOMOBILES — MOTOR VEHICLE LAW — NEGLIGENCE — FELONY —STATUTES.

Actionable negligence must be proved in order to recover for the death of a pedestrian accidentally killed on a public street by one violating the provisions of Act No. 33, Pub. Acts 1909 (3 Comp. Laws 1915, § 15431), prohibiting, under penalty, the unauthorized taking or using of automobiles, notwithstanding the provisions of section 14577, 3 Comp. Laws 1915, permitting recovery for the death of a person under circumstances amounting in law to a felony, since it does not create a cause of action

200—Mich.—14.

where there is no causal connection between the death and the felony.

2. Same—Pedestrians—Unauthorized Taking of Automobile—Right of Action.

Act No. 33, Pub. Acts 1909, prohibiting the unauthorized taking or using of automobiles, does not of itself give a right of action to pedestrians injured upon the street; they not belonging to the class for whose protection the law was passed.

3. Appeal and Error—Res Judicata—Admissions.

Where it was conceded upon a former trial that the accident occurred in a residence street, such admission was conclusive upon plaintiff on the second trial.

4. Automobiles—Motor Vehicle Law — Negligence — Lights — Audible Warning.

The driver of an automobile who approached a pedestrian in the street on a dark and rainy night owed a duty of giving reasonable warning of his approach, and this duty was not discharged by the presence of lights on his machine, since subdivision 1, § 6, Act No. 318, Pub. Acts 1909 (1 Comp. Laws 1915, § 4812), requires an automobile to have "a suitable and adequate bell, horn or other device," for the purpose of "signaling."

5. Trial—Automobiles—Death—Warning—Instructions.

In an action for the negligent killing of plaintiff's decedent, who was struck, on a dark and rainy night, while in a public street for the purpose of taking a street car, by an automobile driven by defendant, an instruction by the trial court that, "the automobile having the usual lights upon it at the time, there was, as a matter of law, a reasonable warning," taken in connection with his failure to instruct that defendant owed a duty to a pedestrian in a public highway to give an audible warning of his approach, amounted to reversible error. Subdivision 2, § 7, and subd. 1, § 6, Act No. 318, Pub. Acts 1909 (1 Comp. Laws 1915, §§ 4818, 4812).

Error to Kent; Perkins, J. Submitted January 17, 1918. (Docket No. 18.) Decided March 27, 1918. Rehearing denied April 25, 1918.

Case by Eleanore M. Johnston, administratrix of the estate of Andrew W. Johnston, deceased, against

Russell Cornelius for the negligent killing of plaintiff's intestate.   Judgment for defendant.   Plaintiff brings error.   Reversed.

*Ellis & Ellis*, for appellant.

*Lombard, Hext & Chase*, for appellee.

FELLOWS, J.   Plaintiff brought this action against Harold C. Cornelius and Russell Cornelius for the negligent killing of decedent Andrew W. Johnston, her husband.   Upon the first trial the jury disagreed as to defendant Russell Cornelius and the court directed a verdict as to defendant Harold C. Cornelius. To review the judgment rendered on the verdict so directed plaintiff sued out a writ of error from this court.   The case will be found reported in 193 Mich. 115.   This court there affirmed such judgment.   A statement of the facts of the case will be there found and it will only be necessary to here state such facts as became important upon the second trial, and as bear upon the questions here involved.   This we will do as we proceed.

Upon the second trial, which proceeded against Russell Cornelius alone, a verdict for the defendant was arrived at by the jury and plaintiff prosecutes this writ of error to review the judgment entered thereon.

On the second trial, as on the first, it appeared that the automobile driven by the defendant on the evening in question when he ran over the deceased, causing the injuries which resulted in his death, was owned by his father, Harold C. Cornelius, and that defendant had taken it without the knowledge and consent of his father and in violation of his directions and instructions.   It is now claimed by the plaintiff that, such being the case, defendant violated the provisions of Act No. 33, Pub. Acts 1909 (3 Comp. Laws 1915, § 15431), that his use of the car so taken was a felony,

that its use under such circumstances was negligence *per se,* and in and of itself warranted a recovery under section 14577, 3 Comp. Laws 1915, without any evidence of negligence in its use and operation on the street. The last cited section was originally passed in 1848 (Act No. 38, Laws 1848); it has since been amended. It is a remedial statute, though in derogation of the common law. *Merkle* v. *Township of Bennington,* 58 Mich. 156. By the ancient common law felony was punished by the death of the criminal and his lands and goods were forfeited to the crown. Such being the situation, neither body execution nor execution against lands or chattels was available; it would be an interference with the royal prerogative for a private suitor to attempt recompense from the estate of the felon, and the action of the private suitor was held to be merged in the public offense. 1 R. C. L. p. 327. This statute, in derogation of the common law, permits recovery, "notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony," but it does not create a cause of action where there is no causal connection between the death and the felony. It cannot be given the effect claimed for it by the plaintiff.

Nor are we persuaded that Act No. 33, of the Public Acts of 1909, of itself gives a right of action to pedestrians injured upon the street; they do not belong to the class for whose protection the law was passed. Plaintiff cannot claim any benefit from it. It is said in 1 Thompson on Negligence, § 12:

" * * * And it may be stated as a general proposition—though there may be difficulty in some cases in applying it—that the violation of a statute or municipal ordinance is not of itself a cause of action grounded upon negligence in favor of an individual, unless the statute or ordinance was designed to prevent such injuries as were suffered by the individual claim-

ing the damages, and often not then, the question depending upon judicial theories and surmises."

See, also, *Taylor* v. *Railroad Co.*, 45 Mich. 74; *Richards* v. *Waltz*, 153 Mich. 416; *Syneszewski* v. *Schmidt*, 153 Mich. 438; *Mairs* v. *Railroad Co.*, 175 N. Y. 409; *Lepard* v. *Railroad Co.*, 166 Mich. 373; *Lindsay* v. *Cecchi*, 3 Boyce (Del.), 133; *Latham* v. *Railway Co.*, 164 Ill. App. 559.

Error is also assigned upon the instruction by the court that the locality where the accident occurred was a residence section of the city. The court, among other reasons for so instructing the jury, stated that upon the former trial it was conceded that this was a residence section of the city. Such being the case, the trial court committed no error in this instruction. This was a judicial admission and the court was not in error in considering it conclusive on the plaintiff on the second trial. *Connor* v. *Railway Co.*, 168 Mich. 29.

The defendant, driving a heavy Cadillac car, ran over the deceased about nine o'clock in the evening of November 28, 1913, on Michigan street in the city of Grand Rapids, causing such serious injuries that death resulted some two weeks later. The evening was dark and it was raining. Deceased was escorting a young lady who had called at the home of himself and plaintiff to the street car line which ran east and west on Michigan street. It is undisputed that a man named McMillan was standing in the street near the track awaiting the approaching car. It is in dispute the distance decedent and his companion had proceeded in the street when they were struck by the car driven by defendant; plaintiff's witnesses giving testimony tending to show that they were quite near Mr. McMillan out in the street; defendant's, that they were much nearer the curb. The trial court, after calling the attention of the jury to the statutory duty of

drivers of automobiles, and after reading the provi-
sions of the statute and the ordinance of the city of
Grand Rapids, charged them as follows:

"Under the second section of the State law to which
your attention has been called, it is claimed by the
plaintiff that the defendant in approaching this cross-
ing, was also approaching a Mr. McMillan who was
standing in the highway waiting for this west-bound
street car, and that therefore the defendant should
have given reasonable warning of his approach and
slowed down to a speed not exceeding ten miles an
hour. That is substantially the provision which I have
read to you. The question for the jury to consider
and for the court to instruct the jury upon particu-
larly, is in relation to the warning provided by this
statute. The statute provides that a reasonable warn-
ing shall be given to a person standing in the street, if
there be one. I instruct you that under the undisputed
testimony, it appears that the defendant, as he ap-
proached this crossing, saw Mr. McMillan standing
near the street car track, and also that Mr. McMillan
saw the approaching automobile. Under these circum-
stances, the automobile having the usual lights upon it
at the time, there was, as a matter of law, a reason-
able warning given to Mr. McMillan who was standing
waiting to take this car. So in its last analysis, these
two sections of the State law as applied to this case,
relate and will be confined to the speed with which the
automobile was approaching this crossing, the one pro-
vision limiting the speed to fifteen miles an hour, and
the other provision limiting the speed to ten miles per
hour, as I understand it, under the circumstances
shown in this case."

In no part of his charge did the court instruct the
jury that defendant owed a duty to a pedestrian in a
public highway to give an audible warning of his ap-
proach. The instruction given and the failure to in-
struct here noted could lead the jury to but one con-
clusion, viz.: That defendant owed no duty to dece-
dent if he was in the street to give other warning of
his approach than by his lights, and that an audible

warning was not required. This was reversible error.
If decedent was in a public highway as the defendant
approached the intersection of Michigan street and
North avenue, and there was testimony tending to
show that he was, defendant owed a duty of giving
reasonable warning of his approach, and this duty
was not discharged by the presence of lights on his
machine. The provision of the statute is subdivision
2, of section 7, Act No. 318, Pub. Acts 1909 (1 Comp.
Laws 1915, § 4818), and reads as follows:

"Upon approaching a person walking in the road-
way of a public highway, or a horse or horses, or other
draft animals, being ridden, led or driven thereon, a
person operating a motor vehicle shall slow down to a
speed not exceeding ten miles an hour and give reason-
able warning of its approach, and use every reasonable
precaution to insure the safety of such person or ani-
mal, and in case of a horse or horses or other draft
animals, to prevent frightening the same."

It is also provided by subdivision 1, section 6, of
the same act (section 4812), as follows:

"Every motor vehicle, operated and driven upon the
public highways of this State, shall be provided with
adequate brakes sufficient to control the vehicle at all
times, and a suitable and adequate bell, horn or other
device for signaling, and shall, during the period from
one hour after sunset to one hour before sunrise, dis-
play at least two lighted lamps on the front and one on
the rear of such vehicle, which shall also display a
red light visible from the rear."

By the latter provision the automobile must not
only be provided with lights in the night time but must
also have "a suitable and adequate bell, horn or other
device," and the purpose is stated to be "for signal-
ing." When we read the two provisions together, as
we must do, it is clear that the legislature contem-
plated an audible warning when approaching pedes-
trians in the streets and highways. This is empha-

sized when we consider how impossible it is to gauge the distance of an oncoming automobile by the lights upon it in a dark night, while the sound of an automobile horn furnishes a much more accurate warning of its location.    The purpose of this legislation was to save human life, and minimize the number of injuries to pedestrians on the streets and highways. It lays a statutory duty upon drivers of automobiles which may be greater than the duty of exercising ordinary prudence, but the driver of automobiles must, nevertheless, discharge such duty or respond for its neglect. *Levyn* v. *Koppin,* 183 Mich. 232.

Plaintiff moved for a new trial, urging among other grounds, that the verdict was against the weight of the evidence.    The motion was overruled and error is assigned thereon.    We are not persuaded that the verdict is against the weight of the evidence.    There was a sharp conflict of testimony on the material points, and we are not impressed that we should disturb the judgment on this ground.

We have examined the other errors assigned, and find them without merit.

For the error pointed out the judgment must be reversed with a new trial.    Plaintiff will recover costs of this court.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.