25809. LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al. v.* ATHON *et al.*

Decided December 5, 1936.

*Hines & Carpenter, Jones, Johnston, Russell & Sparks,* for plaintiffs in error.

*Brandon, Hynds & Tindall, Sibley & Allen, C. A. Giles, Marion Ennis,* contra.

STEPHENS, J. 1. Under the ruling of this court in *Louisville & Nashville Railroad Co.* v. *Ellis,* 54 *Ga. App.* 783 (189 S. E.      ), the petition set out a cause of action, and the court did not err in overruling the general demurrer.

2. A person may, due to the circumstances, be guilty of negligence as a matter of fact while in the performance of an act which he is legally authorized to do, and from the doing of which he is not prevented by law. Although a railroad company, under the laws of the State and the ordinances of a city, may possess the legal right to maintain a railroad-track and operate its trains along a public street of the city, it may nevertheless be guilty of negligence as a matter of fact, as respects a person crossing the street and the railroad-track along an intersecting street, where in the use of its track the company has left a railroad-car thereon at the intersection of the streets in such a position as to obscure the vision of a person traveling along the intersecting street, and to render it impossible for him to see an automobile truck approaching the crossing from the other side of the intervening railroad-car. On the trial of a suit against a railroad company to recover for personal injuries alleged to have been received as a result of a collision at intersecting streets between the automobile of the plaintiff and an automobile truck, as a result of the alleged negligence of the railroad company, the track of which occupied one of the intersecting streets, in stationing its train of cars on the street at the crossing in such a position that the truck, in approaching the intersection of the streets, was obscured from the view of the operator of the automobile in which the plaintiff was riding when approaching the intersection from the other side, notwithstanding the railroad-track and train of cars were lawfully in the street, it was nevertheless a question of fact for the jury whether the railroad company was negligent in leaving its train of cars in the position alleged. A charge by the court to the jury that the act of the railroad company in leaving its train of cars in the street as indicated was a lawful act, but that it was a question of fact for the jury whether the train was operated or switched

or placed on the tracks in a negligent manner, was not error. Thus, a request to charge that the railroad company had the legal right to operate its trains in a street, and that in operating the train by placing it on the track in the manner alleged the company would not be negligent and would not be acting unlawfully, was not a statement of the law applicable to the case, in that it withdrew from the jury the question of the defendant's negligence in placing the train on the track under the conditions alleged. The court did not err in giving the charge excepted to, or in refusing to charge as requested.

3. Although there may not have been brought to the attention of the jury any ordinance of the City of Milledgeville, or any statute of the State of Georgia, relative to the manner in which the defendant might have operated, switched, or placed the trains on its track in the street of the city, a charge which instructed the jury that it was a question of fact for their determination whether the defendant's train was operated, switched, or placed on the track in a negligent manner, the negligent manner being whether the defendant in so placing its train was complying with the laws of the State and the ordinance of the city, was not an instruction that the jury should determine what ordinance of the city or law of the State was applicable to the situation, but it was only an instruction that it was for the jury to determine whether the defendant, in so placing its cars, did so in a negligent manner, and that if it was negligent the defendant in committing such negligence was not complying with the law.

4. Although the defendant may have had the right, as a matter of law, to block a part or all of the street crossing for a reasonable length of time in the necessary and reasonable operation of its trains, what constituted a reasonable time was necessarily a question for the jury, and the court did not err in so instructing them.

5. On the trial of such a suit, where a ground of negligence, in addition to the negligence above indicated as the basis for the plaintiff's right to recover, was the alleged negligence of the defendant, through its trainman who had been engaged in switching the defendant's train at the crossing, in signaling the driver of the plaintiff's automobile to proceed across the street occupied by the railroad track, it was a question of fact for the jury whether the defendant, through its trainman in signaling to the driver of the

plaintiff's automobile, was signaling to the plaintiff that it was safe to cross the intersecting street, or was signaling to the driver of the plaintiff's automobile that the track was clear and safe so far only as the movement of the defendant's train was concerned. Therefore certain requests to charge the jury, which eliminated this issue but contained an instruction that the trainman was only signaling that the track was clear, or that if he was signaling that it was safe for the driver of the plaintiff's automobile to cross the intersecting street he was acting beyond the scope and duties of his employment by the defendant, were properly refused.

6. The charge fairly submitted the issues, and was not subject to the objection that it did not adequately and properly instruct the jury as to the issues presented under the pleadings and the evidence.

7. The evidence authorized the verdict for the plaintiff, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

STEPHENS, J., dissenting. In a petition to recover damages for personal injuries against a railroad company, where it is alleged that while the defendant's train was being moved and switched along its track which was located, under authority of law, longitudinally in the center of a city street, the driver of an automobile in which the plaintiff was riding and which was approaching along an intersecting street, stopped the automobile and waited at the crossing, while the defendant's train was being moved and switched, "until it could be determined what the employees and servants" of the railroad company intended doing in the operation of the train, so that the driver of the automobile could cross the street in which the track was located, and that after the train had moved and cleared the crossing, and had stopped, the trainman "notified and signaled" the driver of the automobile "to proceed on her way across said street," and that the driver "in reliance" on the signal of the trainman proceeded to cross the street, and when the automobile arrived at a place in the street just beyond the railroad-track the automobile was run into by an automobile, truck approaching along the street in which the defendant's track was located, that the driver's view of the oncoming truck had been obscured by the train in the street, and that as a result thereof the plaintiff, a passenger in the automobile, received severe per-

sonal injuries; but where it is not alleged and does not appear otherwise from the petition that there was any duty resting on the railroad company to assure travelers over the crossing of the safety of the crossing, except in so far as it might be affected by the operation of the train, and where it does not appear that the trainman who gave the alleged signal to the driver of the automobile was a watchman at the crossing with a duty to assure travelers of the safety of the crossing as against all traffic on the other street, it does not appear from the petition, when construed most strongly against the plaintiff, as must be done, that the trainman in signaling the driver of the automobile as alleged was assuring the driver that the crossing was safe as against all vehicular traffic coming on the other street; but the petition must be construed as if it alleged that the trainman gave the driver assurance that it was safe for the driver to cross in so far only as the movement of the particular train was concerned. Therefore it does not appear from the petition that the injuries of the plaintiff were the proximate result of any negligence of the railroad company in so placing its train as to obscure from the vision of the driver of the automobile the oncoming truck which injured the plaintiff, and in signaling the driver to cross the street with assurances of safety against traffic on the street in which the railroad-track was located. The petition failed to set out a cause of action against the railroad company. I am of the opinion that the judgment overruling the demurrer to the petition should be reversed. This judgment has been affirmed, and the ruling on the demurrer is the law of the case. The judgment overruling the motion for new trial is before the court for consideration. I concur in the judgment affirming the overruling of the motion for new trial, but dissent from the judgment affirming the overruling of the demurrer to the petition.