Merrimack,  
June 1, 1938.

### UNIVERSITY OVERLAND EXPRESS, INC.

*v.*

### JOHN F. GRIFFIN, *Commissioner of Motor Vehicles.*

*John R. Goodnow* and *Horace P. Moulton* (of Massachusetts), (*Mr. Moulton* orally), for the plaintiff.

*Thomas P. Cheney*, Attorney-General, *Frank R. Kenison*, Assistant Attorney-General, and *J. Blanche Newhall*, (*Mr. Kenison* orally), for the defendant.

BRANCH, J. The precise point in controversy between the parties is, upon the record, curiously obscure. Just why the defendant rejected the plaintiff's proof of financial responsibility is not definitely stated. The general statement that it was rejected "as not in compliance with the provisions of the Financial Responsibility Act" carries no enlightenment as to the specific deficiency upon which the action of the commissioner was predicated. A similar lack of detail pervades the defendant's brief. We are there told that "The question transferred in this case is whether the State of New Hampshire may require a common carrier, engaged in interstate commerce and licensed under the Motor Carrier Act, 1935 to (a) file a proof of financial responsibility *after* an accident in New Hampshire, (b) file proof in a form specified in the New Hampshire Financial Responsibility Act and in a surety bond to be written by a company licensed to do business in New Hampshire." Clause (a) of

this statement is obviously inaccurate. No question as to the plaintiff's obligation to furnish proof of financial responsibility has been raised. The controversy rather involves the sufficiency of the proof offered by it in performance of this obligation. The precise basis for the commissioner's decision is, therefore, left to be inferred from the facts set forth in the agreed statement.

It appears that the plaintiff's liability for accidents occurring anywhere except in Massachusetts was covered by a surety bond executed by a New Hampshire corporation doing business in this state. In the defendant's brief we read that "it does not affirmatively appear that the surety bond which the petitioner has posted with the Interstate Commerce Commission is written by a company authorized to do business in the state of New Hampshire." It cannot be inferred, however, that this was the basis of the commissioner's action. The assumption that a New Hampshire corporation actually doing business in this state is not authorized so to do, would be so obviously contrary to reason that it could not be accepted as a legitimate basis for an administrative judgment such as was entered in this case and a drastic order vitally affecting the interest of a party such as is threatened. On the contrary, the inference would seem to be plain that such a corporation actually doing business in its home state is more probably than otherwise authorized to do so. At any rate, failure to furnish formal proof of a fact so easily ascertainable upon inquiry from another department of the state government could not be regarded as an adequate ground for the action taken by the commissioner herein. It must, therefore, be assumed that the action of the commissioner was not based upon any such technical absence of proof and that his ruling rested upon some other ground.

The only other ground suggested in argument or disclosed by the record is the possible inadequacy of the plaintiff's insurance against liability accruing in Massachusetts. This insurance was carried in a Massachusetts mutual company not licensed to do business in New Hampshire. For this reason it may properly have been regarded by the commissioner as unacceptable evidence of financial responsibility for accidents happening in Massachusetts, and in the following discussion it is assumed that this is the ground upon which his ruling was based.

The foregoing definition of the point at issue is important with reference to the argument of the defendant that although Congress has undertaken to regulate interstate transportation by motor car-

riers, "the State of New Hampshire can provide additional rules to promote safety upon its highways." This is the only substantial ground of justification advanced by the defendant. We are unable to see how safety upon New Hampshire highways will be promoted by a requirement of insurance against liability for accidents happening in Massachusetts. For this reason the requirement in question bears no resemblance to regulations of width and weight of motor vehicles such as were sustained in *South Carolina State Highway Department & a.* v. *Barnwell Brothers, Inc.* decided February 14, 1938, by the Supreme Court of the United States (58 Sup. Ct. Rep. 510). As applied to this defendant, a requirement of approved insurance against liability for the results of its operations in Massachusetts can be regarded as nothing more or less than a regulation of interstate commerce. This field of regulation has already been preempted by Congress. The subject of the financial responsibility of interstate motor carriers has been fully dealt with by the federal statute and the rules promulgated by the Interstate Commerce Commission in accordance therewith. Supplementary as well as conflicting regulations of the same subject by the states are, therefore, precluded by the Federal Constitution as it has been interpreted by the Supreme Court. "Congress having entered this field of regulation, it follows from the paramount character of its authority that state regulation of the subject-matter is excluded." *Texas & Pacific Railway Co.* v. *Rigsby*, 241 U. S. 33, 41. "The elementary and long settled doctrine is that there can be no divided authority over interstate commerce, and the regulations of Congress on that subject are supreme." *Chicago R. I. & P. Ry. Co.* v. *Company*, 226 U. S. 426, 435. "When Congress has taken the particular subject-matter in hand coincidence is as ineffective as opposition." *Charlestown & Western Carolina Ry Co.* v. *Company*, 237 U. S. 597, 604. The multiplication of citations in support of these principles would serve no useful purpose.

We therefore hold that the particular provisions of the Financial Responsibility Act which appear to be involved in this proceeding, *i. e.* those requiring security for liabilities incurred outside of this jurisdiction, cannot be applied and enforced against the plaintiff. With the conclusions of the Supreme Court of Connecticut in a similar case we are generally in accord. *University Overland Express, Inc.* v. *Alsop*, 122 Conn. 275.

*Decree for the plaintiff.*

All concurred.