PAYNE *v.* A. B. C. TRUCK LINES INC. *et al.*

No. 12902.   OCTOBER 12, 1939.

*Maddox & Griffin,* for plaintiff.

*Wright & Willingham, Leon Covington,* and *Raymond R. Ramsay,* for defendant.

ATKINSON, Presiding Justice. The Court of Appeals propounded the following question as necessary to a proper decision of the case: "Does Code § 68-314, which declares, 'It shall be unlawful for any person to stop or park any automobile, automobile truck, tractor, trailer, or other motor-vehicle, or horse-drawn vehicle on or along any State-aid road or highway, unless such vehicle be placed so that it is at least eight feet removed from the center line of such State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within eight feet of the center line of such State-aid road or highway,' include a street in the corporate limits of a municipality, when such street forms a part of a State-aid road or highway?" In *Shannon* v. *Martin,* 164 *Ga.* 872 (139 S. E. 671, 54 A. L. R. 1246), it was held: "The provisions of the second paragraph of section 2 of the act of the General Assembly approved August 15, 1921 (Ga. L. 1921, p. 255), relating to the speed of motor-vehicles upon approaching or traversing intersecting highways, do not apply to intersecting streets of a city." The act of March 28, 1935 (Ga. L. 1935, p. 443), as contained in the Code, § 68-314, and referred to in the question propounded, is a different statute from that dealt with in *Hennemier* v. *Morris,* 51 *Ga. App.* 760 (181 S. E. 602). It is also different from the act construed in *Shannon* v. *Martin,* supra, but on proper construction it does not include a street in the corporate limits of a municipality, even though such street forms a part of a State-aid road or highway. The act under consideration purports to regulate the parking of vehicles on a State-aid road or highway, without apparent intention on the part of the General Assembly to include regulation of the use of city streets, which in virtue of their charters ordinarily are

within the control of municipalities, in the absence of general legislation to the contrary. See *Lee County* v. *Smithville,* 154 *Ga.* 550, 555 (115 S. E. 107) ; *Brooks* v. *Brooks,* 185 *Ga.* 549, 554 (195 S. E. 869). The question dealt with above was not made or decided in *Kelly* v. *Locke,* 186 *Ga.* 620 (198 S. E. 754).

*Answered in negative. All the Justices concur.*